UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Inline Packaging, LLC,

        Plaintiff,

v.

Graphic Packaging International, Inc.,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Civil No. 15-3183 ADM/LIB

_____

Robert R. Weinstine, Esq., Justice Ericson Lindell, Esq., and Brent Lorentz, Esq., Winthrop & Weinstine, PA, Minneapolis, MN, on behalf of Plaintiff.

Felicia Boyd, Esq., Barnes & Thornburg LLP, Minneapolis, MN; David Hamilton, Esq., Womble Carlyle Sandridge & Rice, LLP, Baltimore, MD; Jason Hicks, Esq., and Amanda Norris Ames, Esq., Womble Carlyle Sandridge & Rice, LLP, Washington, D.C., on behalf of Defendant.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Graphic Packaging International, Inc.'s ("Graphic") Objection [Docket No. 116] to Magistrate Judge Leo I. Brisbois' November 2, 2016 Order ("Order") [Docket No. 113] granting in part Inline Packaging LLC's ("Inline") Third Motion to Compel Discovery and Request for Order to Show Cause [Docket No. 99] ("Third Motion to Compel").  Graphic argues it should not have been ordered to partially reimburse Inline for the fees and expenses Inline incurred in bringing the Third Motion to Compel.  For the reasons set forth below, the Objection is overruled.

## II.  BACKGROUND

Graphic objects to a fee award that resulted from Inline's Third Motion to Compel.  In that Motion, Inline asked Judge Brisbois to order Graphic to identify susceptor sales and

paperboard sales from 2002 to 2007. Judge Brisbois had earlier ordered Graphic to produce that information by August 15, 2016. See Order, July 25, 2016 [Docket No. 77]. By September 20, 2016, Graphic had not provided the information and had stated to Inline that "Graphic does not keep a list of susceptor verses non-susceptor products. Graphic is not required to analyze 14 years of data and perform a forensic analysis of each product sold to determine whether it included susceptor technology or not." Second Lorenz Decl. [Docket No. 103] Ex. M at 79.[1] Inline filed the Third Motion to Compel on September 21, 2016, the day after receiving this response from Graphic.

On October 5, 2016, Judge Brisbois held a hearing on the Third Motion to Compel. At the hearing, Inline initially stated that it no longer believed Graphic's discovery responses were deficient, because Graphic had informed Inline that information identifying sales of susceptor versus non-susceptor products from 2002 to 2007 did not exist. Hr'g Tr. [Docket No. 115] at 3:4–15. As the hearing progressed, however, Inline retreated from that position because Graphic never stated at the hearing that it was incapable of telling which sales were susceptor and which were not, only that it did not maintain a list identifying such sales. Id. at 19:15–20:2.

During Graphic's oral argument, Judge Brisbois asked Graphic's counsel to clarify whether the requested information was nonexistent or, alternatively, whether the information had existed but had not been assembled:

> COURT:   Well, there's a difference between it does not exist or it will take us time to pull it together. I mean, so which is it? What is your position? I mean, there are sentences in your briefing that lay out, We told them it doesn't exist; and then at another point you say, Well, it would take too much to pull it

---

[1] This page number refers to the number assigned by the Court's CM/ECF system.

together. Which is it?

Id. at 12:18–24. Rather than definitively stating whether or not the information existed, Graphic's counsel responded:

> GRAPHIC: Graphic does not keep a list of susceptor products versus non-susceptor products. It has just a list of the paperboard products that it sells. You can look at that list and if the word "susceptor" is contained in the product name, then you can know that that was a susceptor product. It if [sic] the word "SUC" is contained in there, you can probably figure out that that's a susceptor product.

Id. at 13:8–14. Graphic's counsel also stated that Graphic employees lacked personal knowledge of which products sold in 2002 were susceptor products and which were not. Id. at 14:6–15.

Later, Inline's counsel stated, "What I heard [Graphic's counsel say] today was we don't have a list. That's a different issue. I didn't ask for a list. It's an interrogatory. I asked for information. . . . The question is can you tell me which are which?" Id. at 19:19–20:1.

Judge Brisbois then asked Graphic's counsel: "[C]an you tell him which are which for 2002 to 2007?" Id. at 20:3–4. Once again, rather than responding with an unequivocal yes or no, Graphic's counsel stated: "The 2002 to 2007 data is still being compiled. It's in the Legacy system. It is my understanding that that data does not contain the same kinds of descriptive information that the current data does." Id. at 20:7–10.

Judge Brisbois attempted to clarify this response by asking, "So you can't look at the material and some of them have 'SUCP' next to it. That information isn't in it?" Id. at 20:11–13. Graphic's counsel replied:

> I suspect that some of it will say susceptor, some of it will say SUC in some of the descriptors. That probably isn't going to be the full list of susceptor products. And there isn't an institutional knowledge within Graphic to go back to 2002 to interview somebody who made

>    that product to say, Do you remember if that had a susceptor in it or
>    not? It's one part of many in these products.

Id. at 20:14–21.  In response to this answer, Judge Brisbois stated:  "Short direct answers seem to be an impossibility here."  Id. at 20:22–24.

Judge Brisbois then took the attorney's fees issue under advisement and held the Third Motion to Compel in abeyance so the parties could further discuss and clarify whether Graphic had adequately responded to Inline's request for information of Graphic's susceptor and non-susceptor product sales from 2002 to 2007.  Id. at 20:25–21:15.

Thereafter, the parties filed a joint letter indicating that they had resolved their dispute over the sales information at issue in the Third Motion to Compel.  Joint Letter [Docket No. 111].  Thus, the only remaining issue was Inline's request for attorney's fees expended in bringing the Third Motion to Compel.  As to that issue, Judge Brisbois concluded that under Federal Rule of Civil Procedure 37(a)(5)(A), Inline was entitled to $4,115.00 in reasonable fees and expenses.  Order at 18–20.  Judge Brisbois imposed the award based on "Graphic's failure to comply with the Court's July 25, 2016, Order and its repeated failure to clearly identify a date upon which it would provide the responsive information sought caused Inline to file its Third Motion to Compel."  Id. at 18.

Graphic objects to the fee award, arguing that it is contrary to law because it is not authorized by Federal Rule of Civil Procedure 37.  Graphic also argues that even if the award was authorized under Rule 37, Judge Brisbois clearly erred by abusing his discretion in ordering the award.

## III.  DISCUSSION

### A.  Standard of Review

The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential.  Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  Chakales v. Comm'r of Internal Revenue, 79 F.3d 726, 728 (8th Cir.1996).  "A decision is 'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'"  Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (quoting Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co., 592 F. Supp. 2d 1087, 1093 (N.D. Iowa 2008)).

### B. Graphic's Objection

Graphic argues that Federal Rule of Civil Procedure 37(a)(5)(A) does not authorize the fee award.  Rule 37(a)(5)(A) provides:

> (5) Payment of Expenses; Protective Orders.
>
> > (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Rule 37 also states: "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

Graphic contends that the fee award is not authorized under Rule 37 because Graphic did not provide a disclosure or discovery after the Third Motion to Compel. The Court disagrees. Judge Brisbois determined that Graphic did not clearly disclose whether information regarding susceptor sales from 2002–2007 existed (as opposed to whether a list of such sales existed) until after Inline filed the Third Motion to Compel. This finding is not clearly erroneous. The hearing transcript reflects the evasiveness of Graphic's response regarding the existence of the 2002–2007 susceptor and non-susceptor sales information. Because Graphic's disclosure on this issue was not definitively provided until after the Third Motion to Compel was filed, the award of sanctions is authorized under Rule 37(a)(5)(A) and is not clearly erroneous or contrary to law.

Additionally, Judge Brisbois properly exercised his discretion to grant the award. Judge Brisbois has significant familiarity with this case, having presided over the parties' multiple pretrial disputes and has issued extensive orders resolving those disputes. See, e.g., Order, July 25, 2016 [Docket No. 77] (39 page order); Order, September 6, 2016 [Docket No. 97] (21 page order). He is in the best position to determine whether an award of fees is warranted, and his

decision to grant the award is supported by the record.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Graphic's Objection [Docket No. 116] is **OVERRULED**.

BY THE COURT:


   s/Ann D. Montgomery   
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  January 5, 2017.