UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Inline Packaging, LLC,

        Plaintiff,           Court File No. 15-cv-3183 (ADM/LIB)

v.           **REPORT AND RECOMMENDATION**

Graphic Packaging International, LLC,

        Defendant.

This matter came before the undersigned United States Magistrate Judge for a hearing on December 18, 2018, upon Plaintiff's Motion to Stay Calculation or Taxation of Costs. [Docket No. 1047].

For the reasons discussed herein, the undersigned recommends that Plaintiff's Motion to Stay Calculation or Taxation of Costs, [Docket No. 1047], be **DENIED**.

**I.  Background**

The parties—and the Court—are familiar with the facts underlying this action. Therefore, only facts relevant to the Motion presently before the Court will be set forth herein.

Plaintiff Inline Packaging, LLC and Defendant Graphic Packaging International, LLC compete in the microwave susceptor food packaging market; primarily with respect to microwave susceptor food packaging that crisps and browns the food product. (Order, [Docket No. 505], at 1). In the present action, Inline brought claims against Graphic alleging tortious interference with prospective business relations; tortious interference with existing contractual relations; misappropriation of trade secrets; maintenance or misuse of monopoly power; and violations of section 2 of the Sherman Act, based upon assertions that Graphic engaged in

predatory discount bundling, sham litigation, and misappropriation of intellectual property. (Id. at 1–2).

On March 29, 2018, Plaintiff filed its Motion for Partial Summary Judgment. [Docket No. 540]. On March 30, 2018, Defendant filed its Motion for Summary Judgment. [Docket No. 635].

On September 5, 2018, the Honorable Ann D. Montgomery issued an Order granting summary judgment on all of Plaintiff's claims in Defendant's favor. (Order [Docket No. 1035]). Judgment was entered in Defendant's favor on September 6, 2018. (Judgment [Docket No. 1037]).

On October 5, 2018, Defendant filed its bill of cost. [Docket No. 1039]. Therein the Defendant seeks the taxation of $304,930.89 in costs against Plaintiff. (Id.).

Also, on October 5, 2018, Plaintiff filed a Notice of Appeal to the Eighth Circuit Court of Appeals. [Docket No. 1040]. Plaintiff's Notice indicates that Plaintiff is appealing the final judgment entered on September 6, 2018, as well as, "all other rulings, decisions, orders, and decrees entered by the" Court, "in the above-named case that are subsumed in the Judgment . . . ." (Notice of Appeal [Docket No. 1040]).

On October 19, 2018, Plaintiff filed its objection to Defendant's bill of cost. (Plf.'s Obj. [Docket No. 1053]). In that objection, Plaintiff contends that "[o]ver $225,000 of the bill is unrecoverable as expenses related to Graphic's counsel e-discovery platform." (Id. at 1).

Also on October 19, 2018, Plaintiff filed the present Motion Stay Calculation or Taxation of Costs. [Docket No. 1047].

**II.     Proper Authority to Rule Upon Motion in the First Instance**

Although not discussed by either party in their written briefs, the undersigned has concerns regarding whether or not the present Motion is properly before the undersigned in the first instance.

Through 28 U.S.C. § 636 and Local Rule 72.1, the District Court Judges in the District of Minnesota have invested Magistrate Judges with the authority to "hear and determine any <u>pretrial matter</u> pending before the court" with the limited exception of certain dispositive pretrial matters. <u>See</u>, 28 U.S.C. § 636(b)(1)(A) (emphasis added). Further, a District Court Judge "may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to" the District Court Judge a "proposed findings of fact and recommendations for the disposition . . . of any motion excepted by subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." 28 U.S.C. § 636(b)(1)(B). District of Minnesota Local Rule 72.1, which designated the duties of Magistrate Judge's in this District, mimics 28 U.S.C. § 636 by investing in Magistrate Judge's the authority to "hear and determine any <u>pretrial matter</u>" with limited exceptions of certain pretrial dispositive matters and allows District Court Judges to designate a Magistrate Judge "any of the duties authorized by 28 U.S.C. § 636(b)." LR 72.1.

Moreover, this Court's review of other caselaw in this District indicates that motions to stay or temporarily disallow the calculation or taxation of cost are typically determined by the District Court Judge assigned to the case. <u>See, e.g.</u>, <u>Abdel-Ghani v. Marketsource</u>, 14-cv-4136 (PJS/FLN), 2016 WL 59552740 (D. Minn. Oct. 13, 2016). Although requesting a stay may appear to be a procedural matter, even post judgment procedural matters appear to be issues to be "hear[d] and determine[d]" by the District Court Judge assigned to the case absent a referral of

3

the matter to the Magistrate Judge. <u>See</u>, <u>gen.</u>, <u>Jalin Realty Capital Advisors v. Hartford Cas. Ins.</u>, 11-cv-165 (JRT/LIB), Order [Docket No. 165] (D. Minn. Aug. 1, 2017) (referring a <u>post judgment</u> motion to withdraw as counsel to the Magistrate Judge for "proposed finding of fact and a recommendation for the disposition of the motion").

Plaintiff's present Motion does <u>not</u> involve any pretrial matters. Rather, Plaintiff's Motion concerns staying the calculation and taxation of cost <u>after</u> judgment as been entered. Plaintiff unilaterally filed and scheduled its Motion to be heard before the undersigned in the first instance; Plaintiff's Motion has not been referred to the undersigned.

Based on the above discussion, the undersigned believes that the post-judgment issues raised by Plaintiff's Motion are outside the presently delegated duties to be automatically "hear[d] and determine[d]" by the undersigned in the present case absent an additional referral from Judge Montgomery.

Nevertheless, in an effort to save the parties and the Court time and resources, the undersigned will address the issues raised in Plaintiff's Motion, but the undersigned will do so, however, in the form of a Report and Recommendation.

**III.   Plaintiff's Motion to Stay Calculation or Taxation of Costs. [Docket No. 1047].**

Plaintiff's Motion seeks an Order of this Court "stay[ing] calculation or taxation of the costs sought in the" Defendant's bill of costs. (Plf.'s Mot. [Docket No. 1047]). Plaintiff asserts that the Court should stay both the calculation of cost, as well as, the taxation of cost until the Eighth Circuit Court of Appeals issues a decision on Plaintiff's appeal of Judge Montgomery's September 5, 2018, Summary Judgment Order and resulting September 6, 2018, judgment thereon. (<u>See</u>, Plf.'s Mem. [Docket No. 1050]). Plaintiff contends that such a stay is warranted because it has "a sufficiently-strong chance of success on appeal," because Plaintiff will suffer

4

irreparable injury if a stay is not granted, and because granting a stay will promote judicial economy. (Id. at 2–5). At the December 18, 2018, Motions Hearing, Plaintiff's counsel's argument suggested that the main reason Plaintiff seeks a stay of the calculation and taxation of costs is to promote judicial economy based on Plaintiff's view that if any part of Judge Montgomery's September 5, 2018, Summary Judgment Order is reversed by the Eighth Circuit Court of Appeals, then this Court would be required at some point to recalculate costs in the present case. (December 18, 2018, Motions Hearing, Digital Record at 1:41–1:45).

Defendant contends that a stay is not warranted because a pending appeal is an insufficient basis upon which to stay the calculation or taxation of costs. (See, Def.'s Mem. [Docket No. 1055]). Defendant asserts that, if the Court decides to enter a stay, the Court should only stay the taxation of costs not the calculation of costs, and the Court should require Plaintiff to post "a supersedeas bond sufficient to cover the full amount of" the bill of costs. (Id. at 16).

At the Motions Hearing, Plaintiff's counsel made clear that Plaintiff was not asking to enter a bond or have the calculation and taxation of costs stayed based upon Plaintiff's payment of a bond. (December 18, 2018, Motions Hearing, Digital Record at 2:15–2:19). Plaintiff's counsel indicated that Plaintiff was seeking both a stay of the calculation and taxation of cost without the need of a bond to secure that stay. (See, Id.).[1]

In the present case, Defendant seeks recovery of certain cost pursuant to Federal Rule of Civil Procedure 54(d)(1). (Bill of Cost [Docket No. 1039]; Response to Objection to Bill of Costs [Docket No. 1056]). Accordingly, pursuant to Local Rule 54.3(c), Defendant filed a bill of costs. (Bill of Cost [Docket No. 1039]).

---

[1] In a December 21, 2018, joint letter from the parties, Plaintiff represented to the Court that it still "does not believe a bond is necessary" but that it was "willing to post a bond for $150,000.00 if the court is inclined to grant Inline's motion on that condition." (Joint Letter [Docket No. 1060]). In the alternative, Plaintiff invited the Court to "calculate taxable costs and allow Inline the opportunity to post a bond staying execution of that amount thereafter." (Id.).

5

Local Rule 54.3(c) provides that "[u]nless the court directs otherwise, the clerk <u>will</u> tax costs after the bill of costs, any objections, and any response have been filed and served in accordance with LR 54.3(c)(1)." LR 54.3 (emphasis added). In the present case, Defendant's bill of costs, Plaintiff's objection, and Defendant's response have been filed in accordance with Local Rule 54.3(c)(1). Accordingly, "unless the court directs otherwise, the clerk will tax costs . . . ." LR 54.3.

Local Rule 54.3 does not provide for a stay of the taxation of costs based on the existence of a pending appeal. <u>See</u>, LR 54.3. In fact, the 2009 Advisory Committee's Notes to Local Rule 54.3 provide that the Rule was "amended to be consistent with the amendments to the federal rules on time-computations and change[d] the past practice of the Clerk of Court not to tax costs until all applicable appeal periods have expired." 2009 Advisory Committee's Notes to LR 54.3. Local Rule 54.3 itself appears to weigh against entering a stay of the calculation and taxation of cost merely on the basis of a pending appeal.[2]

Further, the Eighth Circuit Court of Appeals has in fact held that a pending appeal does not deprive the District Court of the judicial authority to actually enter a judgment for taxation of costs. <u>See</u>, <u>Blakely v. Schlumberger Tech. Corp.</u>, 648 F.3d 921, 930 (8th Cir. 2011). Moreover, other Courts in this District have expressly rejected Plaintiff's argument that a pending appeal should delay the taxation of costs. <u>See</u>, <u>Abdel-Ghani v. Marketsource</u>, 14-cv-4136 (PJS/FLN), 2016 WL 59552740 (D. Minn. Oct. 13, 2016); <u>Lockridge v. Per Mar Security & Research Corp.</u>, 12-cv-2894 (MJD/JJK), 2015 WL 1000689 (D. Minn. March 5, 2015).

---

[2] To the extent Plaintiff continues to assert that a stay of the calculation and taxation of cost will cause it irreparable harm, the Court finds Plaintiff's argument unpersuasive. In its moving papers, Plaintiff contended that if "[t]he cost sought by Graphic" become "immediately due and payable in addition to Inline's other obligation," it "will have tremendous negative consequences on Inline's financial solvency, threatening Inline's ability to stay in business." (Plf.'s Mem., [Docket No. 1050], at 3). This harm is, however, entirely speculative at present. Plaintiff does not yet know what amount, if any, in costs may ultimately be awarded to Defendant.

6

In Abdel-Ghani, the Clerk of Court had awarded costs to the defendant after summary judgment was entered in defendant's favor, and plaintiff argued that he should not be required to pay costs because "he might win his appeal." Abdel-Ghani, 2016 WL 59552740, at *1. The court in Abdel-Ghani noted that plaintiff's "argument that cost cannot be taxed while an appeal is pending is not only without support in the local rules, but also without support in the decision of the Eighth Circuit and this Court." Id.

In Heglund v. City of Grand Rapids, No. 14-cv-296 (ADM/LIB), 2016 WL 7042065 (D. Minn. Dec. 2, 2016), an analogous case, "[p]laintiffs argued that enforcement of the Cost Judgement should be stayed pending their appeal to the Eighth Circuit" because "a reversal is possible" at the Court of Appeals. Heglund, 2016 WL 7042065, at *2. The Honorable Ann D. Montgomery noted that although a party may request a stay of judgment pending an appeal upon posting a supersedeas bond, "[t]he general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interest, costs, and damages for delay." Id. (citing Adzick v. Unum Life Ins. Co. of Am., No. 99-cv-808, 2003 WL 21011345, at *1 (D. Minn. Apr. 16, 2003)). Judge Montgomery noted that the plaintiffs in Heglund had "not proffered a reason why the bond requirement should be waived" and had not submitted a bond for approval, and therefore, Judge Montgomery denied plaintiffs' request to stay the enforcement of the cost judgment pending appeal. Id.

Similarly, Plaintiff, in the present case has not submitted a bond for inspection, and in fact, at the motions hearing it represented to the Court that it requests a stay of both calculation and collection without entry of a bond.[3] Plaintiff has not, however, proffered a sufficient reason why the stay as requested should be granted.

---

[3] As noted above, Plaintiff, at the Motions Hearing represented to the Court that it was not seeking a stay with the payment of a bond; Plaintiff was expressly seeking a stay of both the calculation and taxation of costs without the

7

Plaintiff fails to provide, and this Court has not found, any case from the District of Minnesota where a Court stayed the calculation or taxation of cost for no reasons other than a pending appeal. In fact, all of the District of Minnesota cases which this Court has found, and which involved a party seeking to delay or disallow the taxation of costs pending appeal of the judgment upon which the costs were based, have rejected the argument that seeking costs should be disallowed merely because there was an appeal pending, and those cases denied the requests to disallow costs pending appeal. See, e.g., Heglund v. City of Grand Rapids, No. 14-cv-296 (ADM/LIB), 2016 WL 7042065, at *2 (D. Minn. Dec. 2, 2016); Abdel-Ghani, 2016 WL 59552740; Lockridge, 2015 WL 1000689, at *1 (discussing a plaintiff's claim "that cost should be disallowed . . . because there [was] an appeal pending" and holding that this was "not [a] proper bases for challenging a cost judgment").

Despite Plaintiff's various assertions and citations to courts outside this District, it is evident that it is the practice of Courts in this District to allow the calculation and taxation of costs even when an appeal is pending. See, Heglund, 2016 WL 7042065, at *2; LR 54.3; 2009 Advisory Committee's Notes to LR 54.3; Abdel-Ghani, 2016 WL 59552740; Lockridge, 2015 WL 1000689, at *1.

Based on the foregoing, the undersigned recommends that Plaintiff's Motion to Stay Calculation or Taxation of Costs, [Docket No. 1047], be **DENIED**.

---

payment of any bond. (December 18, 2018, Motions Hearing, Digital Record at 2:15–2:19). In the subsequent joint letter from the parties, Plaintiff asserted for the first time that it was willing to post a $150,000.00 bond, or in the alternative, it invited the Court to calculate taxable cost and allow it to post a bond in that amount. (Joint Letter [Docket No. 1060]). The parties' joint letter, however, was not an invitation by the Court for Plaintiff to present new arguments or request new relief. (See, Minutes [Docket No. 1059]) (directing the parties to engage in a supplemental meet and confer and "to report to the Court the result of that supplemental meet and confer"). Nevertheless, Plaintiff's assertion that it would post a bond for $150,000.00 (a number arbitrarily chosen by Plaintiff based on its unilateral beliefs of the cost recoverable in the present case) is still not an assertion by Plaintiff that it is willing to enter a bond in the full amount of costs. (See, Joint Letter [Docket No. 1060]). In addition, Plaintiff's invitation for the Court to calculate the costs in the first instance is wholly contrary to the Local Rules for this District which direct that the clerk will tax costs in the first instance. See, LR 54.3(c). If the Plaintiff wishes to stay the execution or collection of any ultimate cost judgment, as indicated in Heglund, supra, it has the option to post a supersedeas bond at that time.

8

### IV.   Conclusion

Based on the foregoing reasons, all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT** Plaintiff's Motion to Stay Calculation or Taxation of Costs, [Docket No. 1047], be **DENIED**.

Dated: January 11, 2019                              s/Leo I. Brisbois
                                                     Leo I. Brisbois
                                                     U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).