# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Inline Packaging, LLC,

        Plaintiff,

v.

Graphic Packaging International, Inc.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Civil No. 15-3183 ADM/LIB

_____

Robert R. Weinstine, Esq., Justice Ericson Lindell, Esq., and Brent Lorentz, Esq., Winthrop & Weinstine, PA, Minneapolis, MN, on behalf of Plaintiff.

Felicia Boyd, Esq., Barnes & Thornburg LLP, Minneapolis, MN; David Hamilton, Esq., Womble Bond Dickinson (US) LLP, Baltimore, MD; Jason Hicks, Esq., and Amanda Norris Ames, Esq., Womble Bond Dickinson (US) LLP, Washington, D.C., on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Plaintiff Inline Packaging, LLC's ("Inline") Objection [Docket No. 1062] to Magistrate Judge Leo I. Brisbois' January 11, 2019 Report and Recommendation ("R&R") [Docket No. 1061]. In the R&R, Judge Brisbois recommends denying Inline's Motion to Stay Calculation of Costs [Docket No. 1047]. For the reasons set forth below, the Objection is overruled and the R&R is adopted.

## II. BACKGROUND

In July 2015, Inline filed this lawsuit against Defendant Graphic Packaging International, LLC ("Graphic") alleging antitrust violations, tortious interference, and misappropriation of trade secrets. See Compl. [Docket No. 1]. On September 5, 2018, this Court issued a Memorandum Opinion and Order [Docket No. 1035] granting summary judgment in Graphic's favor on all claims. Judgment for Graphic was entered on September 6, 2018. See J. [Docket

No. 1037]. Inline filed a Notice of Appeal [Docket No. 1040] on October 5, 2018.

Also on October 5, 2018, Graphic filed a Bill of Costs [Docket No. 1039] seeking $304,930.89 in costs against Inline. Inline filed an Objection [Docket No. 1053] to Graphic's Bill of Costs, arguing that most of the costs are not taxable.

On October 19, 2018, Inline filed this Motion to Stay Calculation or Taxation of Costs ("Motion to Stay"). Although the matter is a post-judgment issue that has not been referred by the undersigned, Inline noticed the Motion to Stay to be heard by Magistrate Judge Brisbois. R&R at 4; Hr'g Notice [Docket No. 1049].

In addressing the Motion to Stay, Judge Brisbois determined that the Motion fell outside of his delegated duties under 28 U.S.C. § 636(b)(1)(A) because that provision is limited to pretrial matters and the Motion to Stay is a post-judgment matter. R&R at 4. Judge Brisbois also determined that he lacked authority to submit proposed findings and recommendations under 28 U.S.C. § 636(b)(1)(B) because the Motion to Stay had not been designated to him by a district court judge. Id. Nevertheless, in an attempt to conserve the time and resources of the parties and the Court, Judge Brisbois addressed the issues raised in the Motion to Stay and issued a Report and Recommendation to deny the Motion. Id. at 4, 8.

## III. DISCUSSION

### A. Standard of Review

The parties disagree over the applicable standard of review. The Motion to Stay is nondispositive, and nondispositive motions are typically reviewed for clear error. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). However, Inline argues that the de novo standard should apply because the motion is not a "pretrial" matter under

28 U.S.C. § 636(b)(1)(A). The confusion stems from Inline's procedurally improper scheduling and noticing of this post-trial matter before Judge Brisbois. To avoid further procedural confusion, the Court will conduct a de novo review.

**B. Inline's Objection**

**1. District of Minnesota's Practice Regarding Staying Cost Awards Pending Appeal**

Inline argues that the R&R erred in holding that this district's typical practice is to allow the calculation and taxation of costs to proceed even when an appeal is pending. Inline contends that the taxation of costs pending appeal has been stayed in at least one case in this district. See Obj. at 4–5 (citing Am. Infra-Red Radiant Co. v. Lambert Indus., Inc., 41 F.R.D. 161, 162 (D. Minn. 1966)). Inline's argument lacks persuasion because the case is over fifty years old. Far more recently in 2009, Local Rule 54.3 was amended to "change the past practice of the Clerk of Court not to tax costs until all applicable appeal periods have expired." 2009 Advisory Committee's Note to L.R. 54.3.

As the Eighth Circuit recognized in 2011, costs may be awarded while an appeal on the merits is pending. Blakley v. Schlumberger Tech. Corp., 648 F.3d 921, 930 (8th Cir. 2011) (affirming costs awarded while an appeal was pending because plaintiff "cited no authority prohibiting a district court from granting costs after a party has filed a notice of appeal"); see also Abdel-Ghani v. Marketsource, Inc., No. 14-4136, 2016 WL 5952740, at *1 (D. Minn. Oct. 13, 2016) ("[Plaintiff's] argument that costs cannot be taxed while an appeal is pending is not only without support in the local rules, but also without support in the decisions of the Eighth Circuit and this Court."). As recently as November 2018, this Court denied a motion to stay the calculation and taxation of costs pending appeal in a case that, like this one, involved complex

litigation spanning several years. See In re Wholesale Grocery Prods. Antitrust Litig., 09-2090 ADM/TNL (D. Minn.) [Docket No. 1335] at 2. Thus, the R&R correctly determined that calculating and awarding costs while an appeal is pending is consistent with the practice in this district.

### 2. Relevant Factors

Inline also argues that the R&R did not analyze factors relevant to a stay, including judicial economy, whether the movant has a strong showing of success on appeal, whether the movant will suffer irreparable injury without a stay, and whether a stay harms the public interest. Obj. at 6 (citing Waine-Golston v. Time Warner Entm't-Advance/New House P'ship, No. 11cv1057, 2013 WL 1899928, at *1 (S.D. Cal. May 7, 2013)). All of these factors weigh against a stay.

Judicial economy is best served by reviewing this 3 ½ year complex antitrust case before it fades to a distant memory. See Maytag Corp. v. Electrolux Home Prods., No. 04-4067, 2006 U.S. Dist. LEXIS 89383, at *6–7 (N.D. Iowa Dec. 11, 2006) ("The possibility that the underlying judgment might be reversed, with the result that the award of costs must also be reversed, is simply too speculative to outweigh the benefit of the trial court conducting a review of the bill of costs while the case is still fresh."); Epcon Gas Sys. v. Bauer Compressors, Inc., Case No. 98-75392, 2001 WL 363933, at *1 (E.D. Mich. Mar. 28, 2001) ("While there is always the possibility that the Court of Appeals may disagree with the District Court's judgment, it is in the interest of judicial economy to resolve all of the remaining issues in this case at this time."); cf. 1993 Advisory Committee Note to Fed. R. Civ. P. 54(d)(2) ("Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed

4

are freshly in mind.").

Inline has not made a strong showing that it will succeed on appeal. Inline argues that "its appeal raises substantial questions of fact and law," but does not explain whether or why it is likely to succeed on those questions. Obj. at 6–7.

Inline also has not shown that it will suffer irreparable injury absent a stay. Inline contends that if costs were due immediately it may become insolvent and be forced out of business. This harm is speculative on several grounds, including that Inline does not yet know the amount of costs that will ultimately be taxed. R&R at 6 n.2.

Public interest also favors considering Graphic's Bill of Costs without delay because doing so preserves judicial economy and allows for the prompt resolution of the remaining issues before the Court.

### 3. Bond

Inline argues that the R&R erroneously disregarded its offer to post a bond during the stay. Although Inline initially sought a stay without posting a bond, it changed its position three days after the motion hearing and informed Judge Brisbois by letter that it would post a bond for up to $150,000 as security for Graphic's claimed costs of $304,930.89.

"Federal Rule of Civil Procedure 62(d) permits an appellant to obtain a stay of the enforcement of a judgment pending appeal by filing a supersedeas bond in the <u>full amount</u> of the judgment plus interests, costs, and damages for delay." <u>Corp. Comm'n of the Mille Lacs Band of Ojibwe Indians v. Money Ctrs. of Am., Inc.</u>, No. 12-1015, 2013 WL 6630905, at *1 (D. Minn. Dec. 17, 2013) (emphasis added). A moving party bears the burden of demonstrating the reasons for departing from the usual requirement of a full security bond. <u>Heglund v. City of Grand</u>

5

Rapids, No. 14-296, 2016 WL 7042065, at *2 (D. Minn. Dec. 2, 2016).

The bond offered by Inline is less than half the amount of the costs claimed by Graphic. Inline argues a $150,000 bond is sufficient because at least $225,000 of Graphic's claimed costs are for non-taxable e-discovery. As Judge Brisbois recognized in the R&R, this argument requires the Court to calculate Graphic's taxable costs in the first instance, which contradicts Local Rule 54.3(c)'s procedure of directing the clerk to tax costs. See R&R at 8 n.3. Inline's proposed bond is deficient for the additional reason that the amount offered is "a number arbitrarily chosen by [Inline] based on its unilateral beliefs of the cost recoverable in the present case." Id. Inline has not met its burden of demonstrating a reason for departing from the usual requirement of a full bond.

## IV.  CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Inline's Objection [Docket No. 1062] is **OVERRULED**;

2. The R&R [Docket No. 1061] is **ADOPTED**; and

3. Inline's Motion to Stay Calculation or Taxation of Costs [Docket No. 1047] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 6, 2019.